**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

AUG   6 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
|  | ) |
|  | ) |
| v. | )  Criminal Action No. 09-65 (RMC) |
|  | ) |
| COURTNEY A. STADD | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**JURY INSTRUCTIONS**

Date: August 6, 2009

ROSEMARY M. COLLYER
United States District Court

## **Question Not Evidence**

Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. Whether or not something is in evidence depends on the witness's answer to the lawyer's question. For example, the lawyer may ask, "The light was green, wasn't it?" and the witness answers, "No." At that point, standing alone, there is no evidence that the light was green. If, on the other hand, the witness answers, "Yes," there would be evidence that the light was green.

## **Function of the Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

## Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## **Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## Evidence in Case – Stipulations

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated--that is, agreed--to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

## **Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

## Indictment not Evidence

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind--you may not consider it as any evidence of the defendant''s guilt or draw any inference of guilt from it.

## Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.

13

## Burden of Proof – Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his/her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him/her guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

14

## REASONABLE DOUBT [2.09]

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based on reason — a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case--direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. If a person looked out a window and saw that snow was falling, he would be an eyewitness to the fact that snow was falling; if he later testified in court that he had seen snow falling, his testimony would be direct evidence of the fact that snow was falling at the time he saw it happen. However, if he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up, it would be a reasonable inference that it had snowed while he was asleep. His testimony about those observations would be circumstantial evidence.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it be direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

16

## Credibility of Witnesses

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

17

## **Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges themselves would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify. The defendant has chosen to exercise this right. You must not hold this decision against him/her, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

## Character and Reputation of Defendant

The defendant has introduced testimony that he has a good reputation in the community for veracity and that, in the witness' opinion, the defendant is a truthful person. Such evidence may indicate to you that it is unlikely that a truthful person would commit the crimes charged. You should consider this evidence along with other evidence in the case in determining the guilt or innocence of the defendant, and should give it such weight as in your judgment it is fairly entitled to receive.

Notwithstanding this character evidence, it is your duty to convict if, after weighing all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of the crime charged. On the other hand, the circumstances may be such that evidence of good character may alone create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing. If you have a reasonable doubt as to the defendant's guilt, you must find him/her not guilty.

## **Multiple Counts – Single Defendant**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

### <u>Selection of Foreperson</u>

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## **<u>Unanimity – General</u>**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

## **Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## **Charts**

Certain charts have been shown to you in order to help explain the facts disclosed by the files, records, or other underlying evidence in the case. Those charts are used for your convenience. These charts are not themselves evidence or proof of any facts. You should determine the facts from the evidence.

Certain charts have been received into evidence. Charts are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

## **Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

### Communication Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person-- not the clerk, the marshal or me--how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter. This means, for example, that you should never tell me that the jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or on any other issue in the case.

## Furnishing the Jury With a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Proof of State of Mind**

Someone's intent and knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent and knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent and knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

### **"On or About"**

The indictment charges that the offenses were committed ``on or about'' certain specified dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Acts Affecting a Personal Financial Interest, in violation of
18 U.S.C. § 208(a) – Count One**

Count One of the indictment charges the defendant with the crime of Acts Affecting a
Personal Financial Interest. I am going to instruct you on this charge and also on the lesser
included offense of the same name. After I give you the elements of these crimes, I will tell you
in what order you should consider them.

The essential elements of the greater charge, each of which the government must prove
beyond a reasonable doubt, are:

| | |
|---|---|
| *One:* | Defendant Stadd was a special Government employee of NASA; |
| *Two:* | The defendant participated personally and substantially as a special Government employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise in a matter in which he knew that he had a financial interest; and |
| *Three:* | The defendant acted willfully. |

The essential elements of the lesser included charge, each of which the government must
prove beyond a reasonable doubt, are:

| | |
|---|---|
| *One:* | Defendant Stadd was a special Government employee of NASA; and |
| *Two:* | The defendant participated personally and substantially as a special Government employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise in a matter in which he knew that he had a financial interest. |

As you probably noticed, the greater charge has the same elements as the lesser included
charge, except that the greater charge requires proof that the defendant acted willfully, while the
lesser included charge does not require such proof. A person acts "willfully," as that term is used
in these instructions, when that person acts deliberately, voluntarily and intentionally.

You should consider first whether the defendant is guilty of the greater charge. If you
find the defendant guilty, do not go on to the lesser included charge but proceed to decide Counts
Two and Three. If you find the defendant not guilty of the greater charge, go on to consider the
lesser included charge. This order will be reflected in the verdict form that I will be giving you.

## False Statements – Counts Two and Three

Counts Two and Three of the indictment charge the defendant with making false statements to NASA officials.  The essential elements of these charges, each of which the government must prove beyond a reasonable doubt, are:

*One:*    The defendant knowingly made at least one false, fictitious, or fraudulent statement or representation as detailed in Count [One or Two] of the Indictment;

*Two:*    in so doing, the defendant acted willfully;

*Three:*    the statement or representation was material to NASA; and

*Fourth·*    the matter was within the jurisdiction of NASA.

A person acts "knowingly" as that term is used in these instructions, of that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed.  Proof of actual reliance on the statement is not required.  The Government need only make a reasonable showing of its potential effects.